## GUERLAIN, INC. *v.* UNITED STATES

**No. 5121.**—Invoices dated Paris, France, November 14, 1936, etc.
Entered at New York, November 27, 1936, etc.
Entry No. 776669, etc.

(Decided February 10, 1941)

*B. A. Levett* (*Meyer Ohlbaum* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KINCHELOE, Judge: The appeals to reappraisement listed in schedule A hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto.

It is hereby stipulated and agreed by and between Chas. D. Lawrence, Acting Assistant Attorney General, attorney for the defendant and B. A. Levett, attorney for the plaintiff, subject to the approval of the Court, that the merchandise covered by the reappraisements enumerated above, consists of paper boxes and bottles, the bottles being similar in all material respects to the merchandise the subject of United States vs. Guerlain, Inc., in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Sec. 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisements enumerated above, is the same as the issue involved in the case of United States vs. Guerlain, Inc. supra.

It is further stipulated and agreed that:

A. As to those cases where the appraiser made the advance, the entered value of the merchandise here involved is equal to the cost of materials, fabrication and manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

B. As to those cases where the importer added on entry under duress to meet previous advances made by the appraiser in similar cases, the appraised value of the merchandise here involved, less the addition made by the importer on entry under duress to meet the advances of the appraiser in similar cases, is equal to the cost of materials, fabrication, manipulation or other process employed in manu-

facturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

The reappraisements are waived as to all merchandise except bottles and boxes.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to the glass bottles and paper boxes advanced by the appraiser, the proper values are the entered values.

As to the glass bottles and paper boxes wherein the importer added on entry under duress to meet advances made by the appraiser, the proper values are the appraised values, less any additions added by the importer under duress to meet advances made by the appraiser.

As to any other merchandise involved, the appeals having been waived, are hereby dismissed.   Judgment will be rendered accordingly.